## Joseph Domando, Appellant, v. The Parker=Washington Company, Appellee.

## Gen. No. 15,856.

1. INSTRUCTIONS—*when submission of question of assumed risk to jury as one of fact cannot be complained of.* A party cannot complain of the action of the court in submitting the question of assumed risk to the jury as one of fact where he has induced the court to give other instructions submitting such question in like manner.

2. INSTRUCTIONS—*invasion of province of jury.* An instruction should not be given which invades the province of the jury.

3. INSTRUCTIONS—*as to absence of rules of law.* It is proper for the court to refuse an instruction which tells the jury that there are no rules of law applicable to the case.

4. MASTER AND SERVANT—*extent of liability of former.* A master is not an insurer of the safety of his servant.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

EDWIN C. CRAWFORD, for appellant.

FRANK L. CHILDS and ODE L. RANKIN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant brought this suit to recover damages for personal injuries alleged to have been occasioned by the negligence of appellee. A trial by jury resulted in a verdict finding appellee not guilty, and judgment upon the verdict and against appellant for costs.

The declaration alleges that on January 25, 1908, appellee was engaged in blasting rock under ground by means of dynamite for the purpose of constructing a

tunnel, and that appellant was employed by appellee in and about such work; that fragments of rock which were blown out in the tunnel were hoisted to the surface and loaded into cars which traveled upon a track on the dump; that appellant had nothing to do with the blasting of rock underground, or with hoisting the fragments to the surface; that it was the duty of appellee to use reasonable care in furnishing appellant with a reasonably safe place in which to work and to have the fragments of rock inspected in the tunnel before hoisting them to the surface to ascertain whether any dynamite or exploder caps were left therein, and that appellee negligently failed to perform such duty; that appellant was employed to operate a dump car and to raise the track to a higher level whenever it became necessary; that on the day aforesaid appellee negligently sent up from the tunnel with the fragments of rock a certain piece of dynamite and an exploder cap which were emptied out of the car onto the dump; that said dynamite and cap were concealed in the fragments of rock so that appellant had no knowledge, and was unable to learn of their presence in said rock; that ice had formed and bound the movable track to the dump, so that appellant when, in the performance of his duty, and while in the exercise of due care, struck a pick axe into the mass of rocks which formed the dump, in order to break the ice and raise the track, he struck a piece of dynamite and exploder thereon which thereby exploded and drove fragments of rock against his body, causing the injuries complained of.

The evidence discloses that the broken rock which was driven out from the face of the tunnel by the force of the explosion was called "muck"; that the "muck" consisted of fragments of rock varying in size from fine screenings to pieces 12 to 18 inches in diameter; that the "muck" was shoveled up by laborers called "muckers" and loaded into small cars which were

hoisted to the surface and there dumped into a larger car operating on a track upon the dump, where it was unloaded; that an electric exploding cap consisted of a tube about two inches long and one-fourth of an inch in diameter filled with a powerful explosive, which cap was placed in a stick of dynamite before being taken into the tunnel; that the cap was exploded by means of a current of electricity which heated or burned out the platinum wire attached thereto, and was also liable to explode if struck with a hammer or like tool; that occasionally a cap would fail to explode because of some defect, or would be blown out by a fissure in the rock, or because of the weakness of the helping holes; that when such a cap, together with the dynamite to which it was attached, was in the "muck" it was difficult to find; that the "muckers" were instructed by appellee's superintendent to remove all caps and dynamite found by them and turn the same over to the foreman; that when the small cars reached the surface, the "muck" was unloaded therefrom into the larger cars operating upon the dump, and the employe who loaded the latter cars removed any caps or dynamite which he might find; that it was the duty of appellant to receive the cars upon the dump after they were loaded, and unload the same upon the dump, and also to raise the track upon which said cars were operated as occasion required; that at the time he was injured appellant was engaged in attempting to raise the track, which had become frozen fast to the material composing the dump, and to that end was loosening such material with a pick axe, which struck a cap, causing the piece of dynamite to which it was attached to explode and throw fragments of rock into the face and eyes of appellant.

The testimony of witnesses called on behalf of appellant tends to show that appellant was familiar with the situation; that he had actual knowledge of the fact

that caps and pieces of dynamite were frequently inter-mixed with the "muck," and that he might reasonably expect to find caps and dynamite when unloading the "muck" from the cars, or upon the dump; that appellant was present upon an occasion a few days prior to his injury when a fellow servant was injured in like manner. Upon these questions the testimony of appellant is very unsatisfactory and justifies the inference that he was decidedly disingenuous.

Upon the main questions involved, namely, whether appellant assumed the risk, and whether he was in the exercise of due care for his own safety, the verdict of the jury was not unwarranted by the evidence.

It is insisted it must be held as a matter of law that appellant did not assume the risk, and counsel cites Stephen v. Duffy, 237 Ill. 549, in support of such insistence. The facts in the two cases are wholly dissimilar. It was there held, however, that the question was properly submitted to the jury as one of fact. In the case at bar as appellant induced the court to give two instructions submitting the question of assumed risk to the jury, as a question of fact, he cannot be heard to say that the court should have determined the question as one of law.

It is urged that the 8th and 9th instructions given at the instance of appellee are erroneous. The 8th instruction is not a model, but it does not direct a verdict, and when read in connection with the 9th instruction, which is an accurate statement of the law applicable to the case, it could not have misled the jury. The instructions relate to the doctrine of assumed risk, and not to contributory negligence, as counsel seems to imply by citing Devine, Admr., v. Nat'l. Saf. Dep. Co., 240 Ill. 369, where the relation of master and servant, to which relation the doctrine of assumed risk is alone applicable, did not exist.

The first, second and seventh instructions offered by appellant and refused by the court were properly

refused because they made appellee an insurer of the safety of appellant. The third instruction tendered by appellant was properly refused because it infringed upon the province of the jury. The fourth instruction requested by appellant would have informed the jury that there were no rules of law applicable to the case. The sole province of an instruction is to inform the jury as to the law of the case. If the case is one to which no rules of law are applicable, there is no place for an instruction.

The record is free from error and the judgment is affirmed.

*Affirmed.*